United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30314

OLIN CORP

Plaintiff - Counter Defendant - Appellee

v.

CADDO BOSSIER PARISHES PORT COMMISSION

Defendant - Counter Claimant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana, Shreveport
USDC No. 01-CV-2270
--------------------

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

The district court granted summary judgment to Olin

Corporation ("Olin"), holding that the Caddo-Bossier Parishes

Port Commission (the "Port") was obligated to defend, indemnify

and hold Olin harmless from the claims and demands of the

Louisiana Department of Environmental Quality ("LDEQ") for the

investigation and remediation of property purchased by the Port

from Olin and for reimbursement for oversight costs to the LDEQ

incurred in connection with the property. We agree with the

district court that the plain language of the indemnity agreement

included in the Sale Contract and Warranty Deed entered into

between Olin and the Port covering the sale of the property from

_____

[*]   Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

Olin to the Port compels this result.  The investigation and remediation costs at issue here fall squarely within the contractual provision obligating the Port to "indemnify and defend [Olin] . . . and hold [Olin] harmless from any and all claims with respect to any actual and/or alleged . . . damage to any property arising out of or related to, [or] in connection with the Property including the landfill, and from contaminants emanating from the landfill."  Although the LDEQ's claims are technically for reimbursement, investigation, and remediation, the claims arose because of damage to the property.  The broad language "with respect to" encompasses claims that are premised on property damages, such as the claims at issue in this case.[1] See Olin Corp. v. Yeargin Inc., 146 F.3d 398, 408-09 (6th Cir. 1998)(holding that, under Tennessee law, an indemnification agreement covering "all loss, damage, liability, claims, demands, costs, or suits" for "property damage" and "personal injury" included claims under CERCLA and other environmental statutes resulting from the release of hazardous substances).

The judgment of the district court is AFFIRMED.

---

[1]    Our conclusion in this respect is bolstered (although it need not be) by the pains Olin took to be sure that the Port understood the various hazardous chemicals that Olin had placed in the landfill, by the "As Is" nature of the sale, and by the fact that CERCLA predated the sale transaction by three years, all of which suggest that the parties specifically contemplated possible environmental liability.